IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND IDEMUDIA AIGBEKAEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-21-2890 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

On November 10, 2021, the Court received a Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g) from Raymond I. Aigbekaen, a federal prisoner presently incarcerated at FCI Danbury in Danbury, Connecticut. ECF No. 1. Aigbekaen seeks the return of "electronic devices and bitstream copies from those devices," which he alleges were illegally seized without a warrant and without probable cause. *Id.*

On March 16, 2022, the Government filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. ECF No. 8. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Aigbekaen that the failure to file a response in opposition to the Government's motion could result in dismissal of his Complaint. ECF No. 9. On April 21, 2022, Aigbekaen filed a Motion for Summary Judgment stating, in part, that he had not received a copy of the Government's motion. ECF No. 10. Thus, the Court mailed a copy of the Government's motion to Aigbekaen and granted him additional time in which to file a response. ECF No. 11.

Aigbekaen opposed the Government's motion on June 6, 2022, and he filed a Motion for Imposition of Sanctions on June 29, 2022, claiming that Government attorneys have been submitting "deceptive and misleading filings." ECF 13, 14.

The Court finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons discussed below, Aigbekaen's Motion for Return of Property shall be denied. The Government's motion will be granted, and Aigbekaen's Motion for Summary Judgment and Motion for Imposition of Sanctions will be denied. To the extent a civil case has been opened, it is effectively dismissed and closed.

## I. Background

On August 21, 2015, Homeland Security Investigations ("HSI") Special Agent Minh Tran obtained search warrants for an Apple laptop, Apple iPhone, 2009 gray BMW, and an oral buccal DNA swab from Aigbekaen, all of which were authorized by United States Magistrate Judge Nancy K. Johnson in the Southern District of Texas. *See United States v. Aigbekaen*, Crim. No. JKB-15-462 (D. Md.). On August 25, 2015, a federal grand jury in the District of Maryland returned a six-count indictment charging Aigbekaen with sex trafficking, sex trafficking conspiracy, and related charges, and a federal arrest warrant for Aigbekaen was authorized. *Id.* at ECF No. 1. On August 27, 2015, Aigbekaen arrived at the HSI office in Houston, Texas and was taken into an interview room with HSI Special Agents Kelly Baird and Pedro Castillo. After brief questioning, Aigbekaen was arrested and searched incident to his arrest. The Apple laptop, cellular phones, and other items were seized.

Trial began in this Court on September 19, 2016. *Id.* at ECF No. 159. Material from the Apple laptop, which included photos of the minor victim, as well as two cellular phones, were introduced into evidence. Following an eight-day jury trial, on September 29, 2016, the jury returned guilty verdicts on six counts of the indictment against Aigbekaen. *Id.* at ECF No. 189. On February 7, 2017, this Court sentenced Aigbekaen to a total term 180 months' imprisonment.

*Id.* at ECF No. 222. Subsequently, Aigbekaen filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. *Id.* at ECF No. 234.

On December 14, 2017, Aigbekaen filed a motion under Federal Rule of Criminal Procedure 41(g), seeking return of property seized by HSI. *Aigbekaen v. United States*, Civil Action No. JKB-17-3700 (D. Md.). Given that Aigbekaen's direct appeal of his conviction was still pending at that time, this Court denied and dismissed Aigbekaen's Motion for Return of Property without prejudice. *Id.* at ECF No. 12.

On November 21, 2019, the Fourth Circuit affirmed Aigbekaen's conviction, holding that the warrantless forensic searches of his digital devices did not violate his Fourth Amendment rights. *United States v. Aigbekaen*, 943 F.3d 713, 717 (4th Cir. 2019). The appellate court agreed with Aigbekaen that the border search exception did not extend to the challenged searches but held that the good faith exception to the exclusionary rule barred suppression. *Id.*

On January 27, 2021, Aigbekaen filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District of Connecticut. *See Aigbekaen v. United States*, Case No. 3:21-cv-113 (MPS) (D. Conn.). On May 12, 2021, that court construed the filing as a challenge to Aigbekaen's conviction and sentence, brought under 28 U.S.C. § 2255, and transferred the case to the District of Maryland. *See Aigbekaen v. United States*, Civil Action No. JKB-21-1259 (D. Md.). On August 4, 2022, this Court denied Aigbekaen's § 2255 motion. *United States v. Aigbekaen*, Crim. No. JKB-15-462 at ECF No. 564. Thereafter, Aigbekaen noted an appeal to the Fourth Circuit, which remains pending. *See United States v. Aigbekaen*, No. 22-7080 (4th Cir.).

**II. Discussion**

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." *See In re Matthews*, 395 F.3d 477,

3

483 (4th Cir. 2005). "The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). "Further, the Fourth Circuit has held that a defendant may file a motion for return of property seized in connection with a criminal investigation in the district of the trial only if the criminal proceeding is pending." *Cauthen v. United States*, Civ. No. DKC-12-0353, 2017 WL 445239, at *1 (D. Md. Feb. 2, 2017) (citing *United States v. Ebert*, 39 Fed. App'x. 889, 890–92 (4th Cir. 2002) and *United States v. Garcia*, 65 F.3d 17 (4th Cir. 1995)); *see also Wiebe v. Nat'l Sec. Agency*, Civ. No. RDB-11-3245, 2012 WL 1670046, at *1 (D. Md. May 11, 2012) ("Under Fourth Circuit law, even had ancillary jurisdiction existed during the pendency of [defendant's] criminal case, such jurisdiction is no longer present." (citing *Garcia*, 65 F.3d at 20)).

Here, the property sought by Aigbekaen was seized in Texas. Although his criminal trial was held in Maryland, that proceeding, and its direct appeal, has concluded. Thus, jurisdiction is not proper in this district.

However, even if the Court had jurisdiction over this matter, Aigbekaen's Rule 41(g) Motion would nonetheless be denied. A defendant's Rule 41(g) motion for return of property "may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991); *accord United States v. Rudisill*, 358 F. App'x 421, 422 (4th Cir. 2009). In *United States v. Stoune*, 842 F. App'x 433, 436 (11th Cir. Jan. 15, 2021) (unpublished), the Eleventh Circuit stated that "because [the defendant's] 28 U.S.C. § 2255 motion to vacate remains pending, we cannot say that the government will not need these items if there is a new trial." Likewise here, return of the items that were introduced as evidence at Aigbekaen's trial would be premature given that Aigbekaen's appeal from the denial of his § 2255 motion remains pending.

4

Accordingly, Aigbekaen's Motion for Return of Property shall be denied and his civil case dismissed, and his Motion for Summary Judgment shall be denied.

In addition to his motions seeking relief, Aigbekaen has also filed a motion seeking sanctions against counsel for the Government. ECF No. 14. Aigbekaen presented—and this Court rejected—an identical motion in his § 2255 proceeding. *See United States v. Aigbekaen*, Crim. No. JKB-15-462 at ECF No. 564, at 48. For the same reasons explained in that case, the Motion for Imposition of Sanctions is also denied here. *See id.*

### III. Conclusion

For the foregoing reasons, Aigbekaen's Motion for Return of Property is denied. The Government's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, is granted. Aigbekaen's Motion for Summary Judgment and Motion for Imposition of Sanctions are denied. To the extent a civil case was opened, it is dismissed and closed.

Dated this  30  day of January 2023.

FOR THE COURT:

James K. Bredar
Chief Judge